**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA DIVISION**

**MARK D. WRIGHT**,

    **Plaintiff**,

vs.                                       Case No. 8:05-CV-1971-T-EAJ

**JO ANNE B. BARNHART,
Commissioner of
Social Security**,

    **Defendant.**
_____

_____/

## ORDER

Before the court is Plaintiff's **Unopposed Motion for Attorney's Fees** (Dkt. 16) filed on June 30, 2006.

Plaintiff requests an award of attorney's fees in the amount of $2,642.12 pursuant to the Equal Access to Justice Act (hereinafter "EAJA" or "the Act"), 28 U.S.C. § 2412(d) (1992). Defendant does not oppose Plaintiff's request. (Dkt. 16 at 1) The amount requested by Plaintiff, to which Defendant agrees, represents: (1) 1.7 hours at a rate of $158.00 per hour for work completed in 2005 by Plaintiff's attorney and (2) 14.6 hours at a rate of $162.57 per hour for work completed in 2006 by Plaintiff's attorney. (Id.)

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not

"substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A).

This court's order of June 13, 2006 (Dkt. 14) granting Plaintiff's unopposed motion to remand this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993).  In this case, the government's position was not substantially justified.

The EAJA requires that a party seeking an award of fees submit to the court an application for such fees "within thirty days of final judgment in the action."  § 2412(d)(1)(B).

The EAJA defines "final judgment" as a judgment that is "final and not appealable."  § 2412(d)(2)(G).  Thus, in sentence four cases, the filing period begins after the final judgment is entered by the court and the appeal period has run, so that the judgment is no longer appealable.  Schaefer, 509 U.S. at 298; See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorney's fees begins after the court enters final judgment and the sixty-day appeal period has run).  When the Government has no intention of appealing the judgment, the sixty-day appeal interval is rendered unnecessary and moot.  Lowe v. Apfel, 65 F. Supp. 2d 989, 990 (N. D. Iowa 1999).

Judgment for Plaintiff was entered on June 13, 2006.  (Dkt. 15)  Plaintiff's motion for attorney's fees (Dkt. 16) was filed on June 30, 2006.  Defendant does not oppose Plaintiff's request for attorney's fees.[1]  (Dkt. 16 at 2)  Thus, this court will grant Plaintiff's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

1) Plaintiff's **Motion for Attorney's Fees** (Dkt. 16) is **GRANTED;** and

2) Plaintiff's counsel shall be awarded $2,642.12 in attorney's fees as itemized above.

**DONE** and **ORDERED** in Tampa, Florida this 11th day of July  2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[1] In moving for remand, Defendant evidences no intention of appealing the judgment in this case.  (Dkt. 13)

3