**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARK D. WRIGHT,**

 **Plaintiff,**

vs.                  Case No: 8:05-CV-1971-T-EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

 **Defendant.**
_____/

## ORDER

Before the court are Plaintiff's **Motion to Reopen Case for Purpose of Determining Attorney's Fees Pursuant to 42 U.S.C. § 406(b)** (Dkt. 22), Plaintiff's **Counsel's Motion for Attorney's Fees Pursuant to Pursuant to 42 U.S.C. § 406(b)** (Dkt. 23), and Defendant's **Response to Plaintiff's Motion to Reopen and Motion for Award of Attorney's Fees** (Dkt. 25).  Also before the court is Plaintiff's **Affidavit Supporting Motion for Award of Attorneys' Fees** (Dkt. 24).

**I.**  **Timeliness of Plaintiff's Counsel's Motion**

The first question is whether the present motion for attorney's fees is timely.  An application for fees under § 406(b) must be brought within the time provided by Rule 54(d)(2), Federal Rules of Civil Procedure, which requires filing a motion for attorney's fees within fourteen days "after entry of judgment."  Bergen v. Comm'r of Social Security, 454 F.3d 1273, 1277 (11th Cir. 2006).  In Bergen, the Eleventh Circuit did not address when judgment is considered entered for purposes of a post-remand award of benefits.  Id.  The court stated that "because the Commissioner has not objected to the timeliness of the attorney's fees petition, we do not address this issue in this case and

merely hold that the petitions were timely." Id. at 1277-78.

Here, the order reversing the decision of the Commissioner was entered on June 13, 2006 and judgment in favor of Plaintiff was entered on June 14, 2006 (Dkts. 14 and 15). However, Plaintiff was notified about his past due benefits in a notice of award letter dated October 13, 2008 (Dkt. 22-3, Ex. B). Plaintiff's counsel's motion for attorney's fees was filed on October 27, 2008 (Dkt. 23). Defendant does not oppose Plaintiff's counsel's motion (Dkt. 25). No objection having been made to the timeliness of the motion, Plaintiff's counsel's motion for attorney's fees is treated as timely filed.

**II.     Motion for Attorneys' Fees**

Plaintiff's counsel, Enrique Escarraz, III, Esq. ("Mr. Escarraz"), requests an award of attorney's fees in the net amount of $4,890.00, with $2,642.12 paid under the Equal Access to Justice Act ("EAJA") to be reimbursed to Plaintiff (Dkt. 23). Under Section 406(b), the court may grant a reasonable fee to a claimant's attorney for representation which resulted in a judgment favorable to the claimant. 42 U.S.C. § 406(b)(1)(A). This fee may not exceed twenty-five (25) percent of the total of the past-due benefits that claimant is entitled to as a result of the favorable judgment. Id.

Here, Plaintiff retained Mr. Escarraz to represent Plaintiff in his claim for Social Security benefits (Dkts. 23 and 24). Plaintiff and Mr. Escarraz agreed that the attorney's fees would be computed by the attorney's prevailing rate less any fees obtained pursuant to the EAJA. (Dkt. 24 at 1). On June 13, 2003, Plaintiff received a favorable judgment on his appeal to this court (Dkts. 14 and 15). Mr. Escarraz represented Plaintiff on remand and obtained a favorable decision which resulted in an award of past-due benefits (Dkt. 22-3 at 1-3). Plaintiff received a notice of award on

October 13, 2006 (Dkt. 22-3 at 12-17).

Plaintiff was granted a total of $42,684.00 in past-due benefits (Dkts. 22 and 23). Twenty-five percent of the total past-due benefits is $10,671.00. The court previously granted Mr. Escarraz $2,642.12 in attorneys' fees under the EAJA (Dkt. 21).

Mr. Escarraz asserts that the requested amount of $4,890.00 in attorney's fees together with the $5,781.00 petitioned for administrative fees is $10,671.00 (Dkt. 23 at 2). The amount of $2,642.12 in attorney's fees paid to Mr. Escarraz under EAJA will be reimbursed to Plaintiff. (Id.) Thus, the total sum of attorney's fees requested by Mr. Escarraz equals 25% of the back benefits awarded to Plaintiff. Defendant does not object to the court awarding Mr. Escarraz attorney's fees in the amount of $4,890.00 (Dkt. 25).

Further, Mr. Escarraz is an experienced attorney who has handled Social Security disability cases for over twenty years (Dkt. 20). In light of the fee agreement between Plaintiff and Mr. Escarraz, Mr. Escarraz' experience in this field, and the successful outcome obtained, the court considers the requested fees reasonable. Therefore, this court will grant Plaintiff's counsel's request for attorney's fees.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) Plaintiff's **Motion to Reopen Case for Purpose of Determining Attorney's Fees Pursuant to 42 U.S.C. § 406(b)** (Dkt. 22) is **GRANTED**;

(2) Plaintiff's **Counsel's Motion for Attorney's Fees Pursuant to Pursuant to 42 U.S.C. § 406(b)** (Dkt. 23) is **GRANTED**;

(3) Plaintiff's counsel, Enrique Escarraz, III, Esq., shall be awarded $4,890.00 in attorney's fees under the Social Security Act; and

(4)     The amount of $2,642.12 in attorney's fees paid to Mr. Escarraz under EAJA will be reimbursed to Plaintiff.

**DONE AND ORDERED** at Tampa, Florida this 9th day of December, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge